UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GORDON MAXWELL,

                Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security

                Defendant.

Case No. 3:17-cv-05042-TLF

ORDER AFFIRMING THE COMMISSIONER'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of the Commissioner's denial of his application supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court finds the decision to deny benefits should be affirmed.

FACTUAL AND PROCEDURAL HISTORY

On April 8, 2013, plaintiff filed an application for SSI benefits, alleging he became disabled beginning May 10, 2008. Dkt. 12, Administrative Record (AR) 12. Mr. Maxwell sustained a head injury due to a car accident on January 12, 2008 that resulted in post-concussive symptoms. AR 532-538, 543-549. His application for benefits was denied on initial administrative review and on reconsideration. *Id.* A hearing was held before an administrative law judge (ALJ), at which plaintiff appeared and testified as did a vocational expert. AR 35-161.

In a written decision dated June 26, 2015, the ALJ found that plaintiff could perform his

ORDER AFFIRMING THE COMMISSIONER'S DECISION
TO DENY BENEFITS - 1

past relevant work as well as other jobs existing in significant numbers in the national economy, and therefore that he was not disabled. AR 12-28. Plaintiff's request for review was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner, which plaintiff then appealed in a complaint filed with this Court on January 26, 2017. AR 1; Dkt. 3; 20 C.F.R. § 416.1481.

Plaintiff seeks reversal of the ALJ's decision and remand for further administrative proceedings, arguing the ALJ erred:

(1) in failing to find plaintiff's post-concussive syndrome was a severe impairment;

(2) in failing to properly evaluate the medical opinion evidence; and

(3) in failing to properly assess plaintiff's residual functional capacity.

For the reasons set forth below, however, the Court disagrees that the ALJ erred as alleged, and therefore affirms the Commissioner's decision to deny benefits.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at

1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I.  <u>The ALJ's Step Two Determination</u>

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *Id.* At step two of the evaluation process, the ALJ must determine if an impairment is "severe." *Id.* An impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 416.920(a)(4)(iii); Social Security Ruling (SSR) 96-3p, 1996 WL 374181, at *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.921(b); SSR 85- 28, 1985 WL 56856, at *3.

An impairment is not severe only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL 56856, at *3; *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); *Yuckert v. Bowen*, 841 F.2d

303, 306 (9th Cir.1988). Plaintiff must prove that his "impairments or their symptoms affect her ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998). The step two inquiry described above, however, is a *de minimis* screening device used to dispose of groundless claims. *Smolen*, 80 F.3d at 1290.

At step two in this case the ALJ found a number of plaintiff's impairments to be severe, but did not find plaintiff had a severe post-concussive syndrome. AR 16. Plaintiff argues this was error. Plaintiff was diagnosed with post-concussive syndrome. However the most recent such diagnosis is from March 2012 (AR 464-65, 480),[1] more than a year prior to the relevant time period in this matter, which is the date plaintiff filed his application for SSI benefits, April 8, 2013, and thereafter (AR 14).[2] Benduan Yang, M.D., plaintiff's treating physician who made the most recent diagnosis, did not offer an opinion as to any functional limitations related to that diagnosis, and further noted that plaintiff had reported he had "been doing well in the past one year." AR 480.

Frederick Wise, Ph.D., an examining psychologist, who diagnosed plaintiff with a post-concussive syndrome in March 2011, did opine that he would support plaintiff's application for disability benefits based on a combination of factors including "neuropsychological" ones (AR 464), but again that was over a year prior to the beginning of the relevant time period, and there is no indication those factors persisted for a full 12 month period. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (a claimant must show he or she suffers from medically determinable

---

[1] Plaintiff asserts post-concussive syndrome was confirmed by Christina Rasmussen, Ph.D., who evaluated him in August 2013. However, the record does not support that assertion, as Dr. Rasmussen merely noted the presence of a "[h]istory of mild concussion and postconcussion syndrome (by accompanying records)." AR 500. And as discussed above, the latest of those records is from March 2012.

[2] Although plaintiff alleges an onset date of May 10, 2008, he is only eligible to receive SSI benefits beginning the month following the month in which his application for such benefits was filed. 20 C.F.R. § 416.335.

impairment that can be expected to result in death or that has lasted or can be expected to last for continuous period of not less than twelve months). In addition, as discussed below, the ALJ gave valid reasons for rejecting Dr. Wise's opinion. The Court thus finds no error here.

II.    The ALJ's Evaluation of the Medical Opinion Evidence

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). Even when a treating or examining physician's opinion is contradicted, an ALJ may only reject that opinion "by providing specific and legitimate reasons that are supported by substantial

evidence." *Id*. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

    A.    <u>Dr. Yang</u>

Plaintiff argues the ALJ failed to consider the limitations assessed by Dr. Yang. The only opinion Dr. Yang gave in that regard is from August 2010 (AR 539-40), and as the ALJ noted it "does not specifically describe [plaintiff's] level of functioning" either at that time or later during the relevant time period (AR 24). Indeed, no specific functional limitations can be gleaned from Dr. Yang's opinion. AR 539-40. The ALJ also rejected Dr. Yang's assessment on the basis that it was inconsistent with the evidence in the record indicating that plaintiff was a malingerer, and while Dr. Yang did not believe plaintiff to be a malingerer (AR 540), plaintiff has not challenged

the ALJ's adverse credibility determination. AR 22-24; *Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) ("A physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'") (quoting *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir.1989)). The ALJ thus properly rejected this opinion evidence.

B. <u>Dr. Wise</u>

As noted above, Dr. Wise stated in February 2011, that he supported plaintiff in applying for disability benefits "based on a combination of factors including personality/emotional, neuropsychological, and physical limitations (back pain and headaches)." AR 464. The ALJ gave Dr. Wise's opinion little weight because it was inconsistent with the clinical findings and opinions of Dr. Rasmussen and Dr. Paul Seville, M.D., as well as the clinical findings from plaintiff's treatment providers, because it was remote, and because it did not describe plaintiff's functioning during the relevant time period. AR 23. The ALJ did not err in rejecting Dr. Wise's opinion on these bases.

As discussed above, the relevant time period in this matter begins in April 2013, and thus Dr. Wise's opinion is remote, with little relevance to the pertinent time period as the ALJ found. Further, the clinical findings provided by Drs. Rasmussen and Seville, both of whom evaluated plaintiff during the relevant time period were largely unremarkable, and neither Dr. Rasmussen nor Dr. Seville considered plaintiff to be disabled. AR 495-500, 509-14. And as also pointed out by the ALJ, clinical findings from plaintiff's own treatment providers are inconsistent with Dr. Wise's opinion regarding disability. AR 478-80, 483, 485, 490, 537, 596, 610. The weight of the evidence thus supports the ALJ here.

C. <u>Keyi Yang, M.D., Ph.D.</u>

Plaintiff argues the ALJ ignored Dr. Yang's opinions, and asserts that those opinions were significant, probative evidence that the ALJ was required to address. Yet the ALJ did not ignore this evidence (*see, e.g.,* AR 22), and as defendant points out, the medical evidence provided by Dr. Yang does not actually assess plaintiff's functioning (*see* AR 533-34, 536-37, 601-05, 607-11). Plaintiff thus has not established the ALJ erred in this regard.

D. <u>James Crew. M.D.</u>

Plaintiff argues the ALJ placed substantial weight on the opinion of non-examining, consultative physician, James Crew, M.D., which he claims was improper. But as defendants note, the ALJ did not give any such weight to Dr. Crew. In fact, the ALJ did not even mention Dr. Crew's opinion in his decision. Accordingly, here too there is no error.

III. <u>The ALJ's RFC Assessment</u>

A claimant's RFC assessment is used at step four of the process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. SSR 96-8p, 1996 WL 374184 *2. It is what the claimant "can still do despite his or her limitations." *Id.* A claimant's RFC is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *Id.*

An inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ found plaintiff had the RFC to perform a modified range of light work. AR 18. Plaintiff argues the ALJ erred in assessing his RFC, but other than referring to the ALJ's alleged

errors in evaluating the medical evidence in the record, plaintiff fails to explain exactly how the ALJ erred. In addition, as discussed above, the ALJ properly evaluated that evidence. As such, plaintiff has not shown the ALJ erred in assessing his RFC.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

Dated this 1st day of December, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge